MARY R. BULLOCK, RESPONDENT, v. JOHN M. BEMIS AND OTHERS, APPELLANTS.

40h 623
82 AD 98

*Practice — a motion to amend pleadings, in an action sent to a referee for trial, may be made at Special Term, its power and that of the referee being concurrent — Code of Civil Procedure, secs. 723, 1018.*

The power conferred by section 1018 of the Code of Civil Procedure upon a referee, to whom an action has been referred, to allow amendments to the summons or pleadings, although the same as that possessed by the court, is not exclusive thereof, but is concurrent therewith, and it does not prevent the court from exercising the power to grant such amendments, under the provisions of section 723 of the said Code, if the party chooses to apply for it and the referee adjourns the case for that purpose.

APPEAL from an order of the Erie Special Term, permitting the plaintiff to amend her complaint.

*T. C. White,* for the appellants.

*J. J. Inman,* for the respondent.

HAIGHT, J.:

This action was brought to dissolve a copartnership on the ground of the fraud and misconduct of one of the partners, and for an accounting. Issue having been joined, it was referred to a referee and the trial commenced. During an adjournment a motion was made to the Special Term for leave to amend the complaint, which motion was granted upon terms. It is now contended that the referee alone had power to grant the amendment, and that the court did not.

Section 1018 of the Code provides, that upon the trial of an issue of fact the referee exercises the same power as the court to allow amendments to the summons or to the pleadings. Under this section the referee doubtless had the same power to grant the amendment that the court had. (*Knapp* v. *Fowler*, 26 Hun, 200; *The Oregon Steamship Co.* v. *Otis,* 27 id., 452; *Smith* v. *Rathbun,* 77 N. Y., 122; *Reeder* v. *Sayre,* 70 id., 180, 190; *Harris* v. *Tumbridge,* 83 id., 92, 97; *Price* v. *Brown,* 98 id., 388.) The amendment did not change or bring in a new cause of action. It appeared that in November, 1880, the copartners had an accounting

and settlement and entered into a further agreement continuing the business until the 1st day of January, 1884. That the new agreement so entered into contained the following: " The books of the firm of John M. Bemis & Co. are hereby accepted by both parties as correct, and as truly showing the assets and the interests of each of the parties in the business and the assets of the firm." The allegation which the plaintiff sought to incorporate into the amended complaint was to the effect, that at the time she executed the new contract, she did it under a supposition that the books of the firm exhibited to her at that time were correct; that she has since ascertained that they were not, and that the acceptance of them as correct and truly showing the assets and interests of each party in the business was procured through the false and fraudulent representations of the defendant Bemis.

The only effect of the amendment is to permit the plaintiff to show that the agreement by which she accepted the books of the firm as correct, up to the 26th day of November, 1880, was procured through false and fraudulent representations so that the accounting between the copartners may go back of such alleged settlement. The nature and cause of action is not changed. The amendment merely extends the period for which the accounting may be taken.

Section 723 of the Code provides that " the court may upon the trial, or at any stage of the action, before or after judgment, in furtherance of justice and on such terms as it deems just, amend any process, pleading or other proceeding by adding or striking out the name of a person as a party, or by correcting a mistake in the name of a party, or a mistake in other respect, or by inserting an allegation material to the case, or where the amendment does not change substantially the claim or defense by conforming the pleading or other proceedings to the facts proved."

It will be observed that this section is exceedingly broad, giving the court power to grant an amendment not only upon the trial but at any stage of the action before or after judgment. It is true that section 1018 gives to the referee the same power upon the trial to allow an amendment as the court possesses, but this section does not purport to limit or qualify the power possessed by the court. The power given to the referee is concurrent but not exclusive. Motion may be made before the referee, or if the party chooses, and

the referee adjourns the case, the motion to amend may be made at Special Term. ( *Wiley* v. *Brigham,* 16 Hun, 106; S. C., appeal dismissed, 81 N. Y., 14; *Mitchell* v. *Bunn,* 2 T. & C., 486, 487; *Hochstetter* v. *Isaacs,* 14 Abb. [N. S.], 235.)

Upon the merits the motion appears to have been properly granted. The plaintiff moved with reasonable dispatch after learning of the alleged fraudulent entries in the copartnership books.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

SMITH, P. J., and BRADLEY, J., concurred.

So ordered